UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

**CARPENTERS & JOINERS WELFARE FUND, TWIN CITY CARPENTERS PENSION FUND, TWIN CITY CARPENTERS APPRENTICESHIP FUND, TWIN CITY CARPENTERS VACATION FUND, NATIONAL APPRENTICESHIP TRAINING FUND, Trusts,**

Plaintiffs,

vs.

**LAN CONSTRUCTION, INC.**, a Minnesota business corporation and **KERRY GULLICKSON**, individually

Defendants

Court File No. 00-CV 1330 DDA/ FLN

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER FOR DEFAULT JUDGMENT**

This matter was heard before the undersigned on the 14th day of September, 2000. Pamela H. Nissen of McGrann Shea Franzen Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

**FINDINGS OF FACT**

1. Plaintiffs filed a Summons and Complaint in this matter on May 26, 2000.

2. Defendants Lan Construction, Inc. and Kerry Gullickson, individually were served with a Summons and Complaint in this matter on June 28, 2000.

3. Defendants have failed to file and serve an Answer to the Summons and Complaint.

FILED SEP 14 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD SEP 14 2000
DEPUTY CLERK

4. Plaintiffs are joint fringe benefit trust funds (the "Funds") which are multi-employer plans as defined by 29 U.S.C. § 1002(37). They are established to provide, among other things, pension, vacation, health and welfare benefits to employees doing laborers work in the construction trades, and are maintained for the benefit of workers pursuant to Collective Bargaining Agreements. All contributions must be made and all reports must be submitted to Wilson McShane Corporation, as the administrative agent designated by the Trustees.

5. Defendants accepted and agreed to be bound by certain a collective bargaining agreement with the Minnesota Statewide District Council of Carpenters. The agreement obligates Defendants, as employers, to compute the contribution for each employee and pay those contributions to the Funds' Agent on or before the 15th day of the month following the month for which the contribution is being made.

6. Defendant failed to submit the reports for the months of January, 2000 through June, 2000, and failed to timely pay the contributions owing.

7. According to the payroll records submitted by Defendants' employee, James Anderson, for the months of January, February, March, April, May, and June, 2000, fringe benefit contributions in the amount of $9,013.60 are owing.

8. Defendants have not submitted any payments for these amounts.

9. The bargaining agreement provides that Defendant pay liquidated damages of 10% of delinquent contributions. The amount known to be owing at this time for the months of January, 2000 through July, 2000 is $901.36..

10. The bargaining agreement provides that Plaintiffs are entitled to their reasonable attorney fees and costs of this action.

11. The fair and reasonable value of attorney fees incurred by the Plaintiffs in this action is $661.25.

12. The total costs and disbursements incurred by the Plaintiffs in this action are $169.95.

## CONCLUSIONS OF LAW

1. Defendants are in default, and Plaintiffs are entitled to Default Judgment.
2. Defendants owe at least $9,013.60 in fringe benefit contributions.
3. Defendants owe at least $901.36 in liquidated damages.
4. Defendants owe attorneys' fees and costs in the total amount of $831.20.

## ORDER

**IT IS ORDERED**:

1. That Plaintiffs' motion for default judgment is granted.
2. That Plaintiffs shall have judgment, joint and several, against Defendants Lan Construction, Inc. and Kerry Gullickson, for $10,746.16.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 14, 2000

BY THE COURT

Donald D. Alsop
Judge of District Court

45222

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES: SEP 14 2000

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995